# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

JEREMY ROSS DIERMYER,

        Defendant.

Case No. 3:10-cr-00071-SLG-KFR

## ORDER ON MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Before the Court at Docket 123 is Defendant Jeremy Ross Diermyer's pro se Motion for Early Termination of Supervised Release. The Government did not file a response. At Docket 127 the U.S. Probation Office for the District of Alaska prepared a memorandum indicating that the Probation Office does not support early termination of supervised release.

On August 11, 2011, Mr. Diermyer was sentenced to 24 months' imprisonment and 15 years of supervised release after he pled guilty to possession of child pornography.[1] On December 5, 2012, Mr. Diermyer began his term of supervised release.[2] Mr. Diermyer's term of supervised release is set to expire on December 5, 2027.

---

[1] Docket 100 at 1-3.

[2] Docket 127 (SEALED) at 1.

> Pursuant to 18 U.S.C. § 3583(e), a court may
>
> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

A district court may only terminate supervised release after considering the factors in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).[3] Those factors are the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with training, care, or correctional treatment; the sentencing range established by the United States Sentencing Guidelines and pertinent policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution.

The Introductory Commentary to United States Sentencing Guideline Part D provides that a court should conduct an individualized assessment when determining whether to impose a term of supervised release and, if one is imposed, the appropriate length of supervised release and its terms. With an individualized assessment, a "court can 'assure that [those] who will need post-release supervision will receive it' while 'prevent[ing] probation system resources from being wasted on supervisory services for releasees who do not need them.'"[4]

---

[3] 18 U.S.C. § 3583(e).

[4] U.S. Sent'g Comm'n Guidelines Manual Ch.5, Pt.D, intro. comment. (Nov. 2025) (quoting S.

Case No. 3:10-cr-00071-SLG-KFR, *United States v. Diermyer*
Order on Motion for Early Termination of Supervised Release
Page 2 of 4

Federal Rule of Criminal Procedure 32.1 provides the procedural mechanism for modifying terms of supervised release.

Mr. Diermyer contends that the Court should terminate his supervised release term early because he has abided by all conditions of supervised release for over 13 years, has completed sex offender treatment, and has "provided all required updates and annual verifications to the sex offender registry in a timely manner, maintained a stable living environment, maintained employment, community involvement, and civic engagement."[5]

The Probation memorandum confirms that Mr. Diermyer has "completed sex offender treatment and maintained compliance with the State of Alaska Sex Offender Registry (SOR)" and that Mr. Diermyer "has maintained a stable living environment, maintained employment, completed a college degree, and has developed a prosocial network through his church and community."[6] Further, Probation notes that Mr. Diermyer has not committed any known violations of the terms of his supervised release and has not incurred any other criminal charges.[7] However, because the Guide to Judiciary Policy advises that Probation Officers should not recommend early termination of supervised release for individuals who

---

Rep. No. 98-225, at 54 (1983)).

[5] Docket 123 at 1.

[6] Docket 127 (SELAED) at 1.

[7] Docket 127 (SELAED) at 1.

Case No. 3:10-cr-00071-SLG-KFR, *United States v. Diermyer*
Order on Motion for Early Termination of Supervised Release
Page 3 of 4

have an identified higher risk to community safety, including individuals with sex offense convictions, the Probation Office cannot support Mr. Diermyer's motion for early termination.[8]  But, in Probation's view, "absent his crime of conviction, Mr. Diermyer would otherwise be considered an excellent candidate for early termination."[9]

The Court has considered the applicable § 3553(a) factors.  Mr. Diermyer's offense was serious.  However, Mr. Diermyer's criminal sentence and over thirteen years on supervised release, as well as sex offender treatment, has deterred him from further criminal activity.  Mr. Diermyer has performed well on supervision, he has strong ties to the community, he has established stable housing and employment, and he has maintained compliance with the State of Alaska SOR. The Court also finds that there is no further need for continued supervision to provide Mr. Diermyer with training, to protect the public, or to provide restitution

Therefore, Defendant's Motion for Early Termination of Supervised Release at Docket 123 is **GRANTED**, effective as of this date.

DATED this 13th day of May 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[8] Docket 127 (SELAED) at 1.

[9] Docket 127 (SELAED) at 1.

Case No. 3:10-cr-00071-SLG-KFR, *United States v. Diermyer*
Order on Motion for Early Termination of Supervised Release
Page 4 of 4